UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CISCO TECHNOLOGY, INC., : | |
|     Plaintiff, : | CIVIL ACTION NO. |
| : | 3:15-CV-00965 (VLB) |
| v. : | |
| : | |
| CERTIFICATION TRENDZ LTD. d/b/a : | |
| TestKing.com; FREETECH SERVICES LTD. : | |
| d/b/a Pass4sure.com; and GLOBAL : | |
| SIMULATORS LTD. d/b/a/ "TestInside" and : | June 26, 2015 |
| Test-Inside.com, : | |
|     Defendants. : | |

**ORDER GRANTING PLAINTIFF CISCO TECHNOLOGY'S *EX PARTE* APPLICATION FOR: (1) TEMPORARY RESTRAINING ORDER ENJOINING DISTRIBUTION OF CISCO PRODUCTS AND ENJOINING TRANSFER OF DEFENDANTS' DOMAIN NAMES, (2) TEMPORARY ORDER IMPOUNDING CISCO PRODUCTS, AND (3) ORDER TO SHOW CAUSE [Dkt. # 4]**

THIS MATTER comes before the Court upon Plaintiff Cisco Technology's ("Cisco" or "Plaintiff") *Ex Parte* Application for (1) a Temporary Restraining Order enjoining CERTIFICATION TRENDZ LTD. d/b/a TestKing.com; FREETECH SERVICES LTD. d/b/a Pass4sure.com; and GLOBAL SIMULATORS LTD. d/b/a/ "TestInside" and Test-Inside.com (collectively "Defendants") from distributing copies of Cisco products or purported Cisco test preparation materials, (2) a Temporary Impoundment Order directing Defendants to preserve all Cisco products or purported Cisco test preparation materials pending an inspection, segregation and eventual impoundment of all infringing property, (3) an Order preventing the Defendants from transferring Defendants' domain names (including any and all domain names under Defendants' possession or control) pending the outcome of this litigation, and (4) a Show Cause Order requiring Defendants to appear and show

1

cause why the Temporary Restraining Order and Temporary Impoundment Order should not remain in place pending (a) the inspection and impoundment, and (b) an evidentiary hearing or further action by the Court to determine whether the provisional relief shall remain in effect pending the disposition of this action.

Cisco asserts the following facts in support of its prayers for relief. Cisco, an information technology company, certifies the competency of individuals using its products and services through certification programs that require a candidate to pass a required certification exam ("Certification Exam"). [Dkt. # 1, ¶¶ 2, 9–11.] These Certification Exams, which are the subject of this Order, are copyrighted and bear trademarks registered under federal law. [*Id.* at ¶¶ 14–16.] Cisco also uses other measures to secure its rights to the Certification Exams afforded by the aforementioned laws. [*Id.* at ¶¶ 13, 17.] Through multiple websites, Defendants offer, sell and distribute Cisco's Certification Exam questions and answers as so-called "practice exams" purportedly designed to prepare students to pass Cisco's Certification Exams. [*Id.* at ¶ 18.] These "practice exams" contain numerous exam questions and answers that are either identical or substantially similar to Cisco's copyrighted exam questions and answers, infringing upon Cisco's copyright and trademarks. [*Id.* at ¶¶ 19–20.]

Temporary restraining orders are authorized by Federal Rule of Civil Procedure 65(b) and are governed by the same standard applicable to a preliminary injunction. A plaintiff is entitled to a preliminary injunction when that party can demonstrate: "(1) irreparable harm in the absence of the injunction, and (2) either (a) likelihood of success on the merits or (b) sufficiently serious questions going to the

merits to make them fair ground for litigation and a balance of hardships tipping decidedly in the movant's favor." *Random House, Inc. v. Rosetta Books LLC*, 283 F.3d 490, 491 (2d Cir. 2002).

The Second Circuit has noted that "generally when a copyright plaintiff makes out a prima facie showing of infringement, irreparable harm may be presumed." *Merkos L'Inyonei Chinuch, Inc. v. Otsar Sifrei Lubavitch, Inc.*, 312 F.3d 94, 96 (2d Cir. 2002) (reviewing a district court's grant of preliminary injunction) (citations omitted). "To prevail on a claim of copyright infringement, the plaintiff must demonstrate both (1) ownership of a valid copyright and (2) infringement of the copyright by the defendant." *Yurman Design, Inc. v. PAJ, Inc.*, 262 F.3d 101, 108–109 (2d Cir. 2001). Similarly, "[i]n trademark disputes, 'a showing of likelihood of confusion establishes both a likelihood of success on the merits and irreparable harm.'" *Malletier v. Burlington Coat Factory Warehouse Corp.*, 426 F.3d 532, 537 (2d Cir. 2005).

Upon review of the affidavits and exhibits submitted, Cisco has provided evidence that it is the owner of the valid copyrights in the Certification Exams at issue, as well as evidence of the Defendants' past and continuing sale, via multiple websites, of unauthorized versions of Cisco's Certification Exam materials, which Cisco advertises and markets under, among others, its registered CISCO®, CISCO CERTIFIED CCIE®, and CCIE® marks. [Dkts. # 10, 11.] Accordingly, the Plaintiff demonstrates a likelihood of success on the merits, and irreparable harm may be presumed by the Plaintiff's showing that the Defendants' activities likely violate federal copyright law and are a use of Cisco's marks that is likely to cause

confusion, cause mistake, or deceive in violation of the Lanham Act.  *Merkos*, 312 F.3d at 96; *Malletier*, 426 F.3d at 537.

Additionally, § 503(a) of the Copyright Act authorizes a court to order seizure and impoundment of "all copies. . . claimed to have been made or used in violation of the copyright owner's exclusive rights" and devices by means of which such copies may be reproduced.  Impoundment pursuant to 17 U.S.C. § 503 is appropriate when a plaintiff establishes a prima facie case of copyright infringement.  *See U2 Home Entertainment, Inc. v, Bowery Music City, Inc.*, No. 3-CV-8909 (RJH), 2003 WL 22889738 at *1 (S.D.N.Y, December 8, 2003).  Similarly, the Lanham Act authorizes a "seizure of goods and counterfeit marks involved in [a Lanham Act] violation and the means of making such marks, and records documenting the manufacture, sale or receipt of things involved in the violation." 15 U.S.C. § 1116.  The Eastern District of New York provides useful guidance:

> Where plaintiffs have shown that a danger exists of destroying or transferring infringing goods, courts in this Circuit have not hesitated to grant ex parte orders under either the Lanham Act or the Copyright Act.  Moreover, even if equipment may be used for a legitimate purpose, it is not protected from seizure if it has been employed for the illegal purposes alleged.  Though in ordinary cases orders that disrupt the status quo are frowned upon, in infringement cases the policy allowing *ex parte* seizure and impoundment is clear: If notice is required, that notice all too often appears to serve only to render fruitless further prosecution of the action.  This is precisely contrary to the normal and intended role of 'notice,' and it is surely not what the authors of the rule either anticipated or intended.

*Time Warner Entertainment Co., L.P. v. Does Nos. 1-2*, 876 F.Supp. 407, 410–11 (E.D.N.Y. 1994) (internal citations and quotation marks omitted).

On the basis of the sum and substance of the sworn allegations of the Defendants' piracy operations, their refusal to cease and desist, their false claims of compliance in response to repeated demands by Cisco, and their employment of "WHOIS Privacy Protection Services, Inc." to frustrate attempts at detection and avoid compliance with trademark and copyright laws, the Court finds that there is a real and substantial probability that, if given advance notice of this lawsuit, the Defendants will render fruitless further prosecution of this action by secreting or transferring the Certification Exam materials and domain names that are the subject of this Application for a Temporary Restraining Order beyond the jurisdiction of this Court unless restrained by this Court pending a hearing on this matter.

Based on its review of the materials submitted and on the foregoing analysis, the Court GRANTS Cisco's EX Parte Motion [Dkt. # 4] as follows:

(1) The Court GRANTS Cisco's *Ex Parte* Application for a Temporary Restraining Order enjoining Defendants' distribution of Cisco Certification Exam materials upon finding that Plaintiff has carried its burden of showing the injunction is necessary to prevent irreparable harm, and has further demonstrated likelihood of success on the merits, or, at the very least, sufficiently serious questions going to the merits of the claim, and that the balance of the hardships tips decidedly in its favor.

(2) The Temporary Restraining Order is granted pursuant to Federal Rule of Civil Procedure 65, 17 U.S.C. § 502, and 15 U.S.C. § 1116(a).

(3) The Court hereby RESTRAINS AND ENJOINS Defendants, and any persons or entities acting on their behalf, from advertising, distributing or selling any Cisco Certification Exam materials or practice exam materials related to same.

(4) The Court hereby RESTRAINS AND ENJOINS the Defendants from transferring the offending domain names TestKing.com, Pass4sure.com, and/or Test-Inside.com (collectively, the "Domain Names"), as well as any other domain names within the possession or control of Defendants or in the same account(s), or utilizing the same email address(es) or other contact information, as the Domain Names (collectively, "Other Domain Names"), pending further order of the Court, and authorizes Plaintiff to obtain from each domain name registrar and/or registry the identification of all Other Domain Names, and to request that the Domain Names and Other Domain Names be placed on "Locked" status or otherwise prevented from transfer.  Defendants are further ORDERED to identify in writing to Plaintiff's counsel, not less than two court dates before the Show Cause Hearing in Paragraph 12, all other Domain Names.

(5) This Temporary Restraining Order shall take effect immediately and shall remain in effect pending the Show Cause Hearing in Paragraph 12 or further order of this Court.  Defendants may apply to the Court for dissolution or modification of this Temporary Restraining Order on two court days' notice to Cisco.

(6) The Court GRANTS Cisco's *Ex Parte* Application for a Temporary Impoundment Order upon finding that Plaintiff Cisco has carried its burden of showing the injunction is necessary to prevent irreparable harm, and has further demonstrated likelihood of success on the merits, or, at the very least, sufficiently

serious questions going to the merits of the claim, and that the balance of the hardships tips decidedly in its favor.

(7) The Temporary Impoundment Order is granted pursuant to Federal Rule of Civil Procedure 65, 17 U.S.C. § 503(a), and 15 U.S.C. § 1116(a).

(8) The Court hereby RESTRAINS AND ENJOINS Defendants, and any persons or entities acting on their behalf, from transferring, removing or disposing of any Cisco Certification Exam materials in their possession, custody or control, pending further Order of the Court.

(9) The Court hereby IMPOUNDS all Cisco Certification Exam materials, and purported Cisco practice exam materials, in the possession, custody or control of Defendants and/or their agents and service providers. Defendants are further ORDERED to identify in writing to Plaintiff's counsel, not less than two court days before the Show Cause Hearing in Paragraph 12, the location or locations of all such materials.

(10) This Temporary Impoundment Order shall take effect immediately and shall remain in effect pending the Show Cause Hearing in Paragraph 12 or further order of this Court. Defendants may apply to the Court for dissolution or modification of this Temporary Impoundment Order on two court days' notice to Cisco.

(11) Cisco is directed to file proof of bond, in the amount of $10,000.00, within three court dates of this Order. Absent further order from the Court, the bond shall serve as security for all claims with respect to this Temporary Restraining Order and

Temporary Impoundment Order, and any additional injunctive relief ordered by the Court in this action.

(12) Defendants are ordered to appear on July 7, 2015, at 11:00 a.m., and show cause why this Temporary Restraining Order and Temporary Impoundment Order should not remain in effect pending (i) the inspection, segregation and impoundment of any illicit, counterfeit, pirated and/or infringing Cisco Certification Exam materials in the possession, custody or control of Defendants and/or their agents, and (ii) an evidentiary hearing or further action by the Court to determine whether the provisional relief ordered herein shall remain in effect pending the disposition of this action.

(13) Defendants shall serve and file any papers in opposition to the continued restraint and impoundment not less than two court days before the Show Cause Hearing in Paragraph 12.

Signed this 26th day of June, 2015 at 1:05 PM.

_____/s/_____
Hon. Vanessa L. Bryant
United States District Judge