UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **CISCO TECHNOLOGY, INC.,** | : | |
|     Plaintiff, | : | CIVIL ACTION NO. |
| | : | 3:15-CV-00965 (VLB) |
|     v. | : | |
| | : | |
| **CERTIFICATION TRENDZ LTD. d/b/a** | : | |
| **TestKing.com; FREETECH SERVICES LTD.** | : | |
| **d/b/a Pass4sure.com; and GLOBAL** | : | |
| **SIMULATORS LTD. d/b/a/ "TestInside" and** | : | June 26, 2015 |
| **Test-Inside.com,** | : | |
|     Defendants. | : | |

**ORDER GRANTING PLAINTIFF CISCO TECHNOLOGY'S *EX PARTE* APPLICATION FOR: (1) TEMPORARY RESTRAINING ORDER FREEZING DEFENDANTS' FINANCIAL ACCOUNTS AND ASSETS AND (2) ORDER TO SHOW CAUSE [Dkt. #7]**

THIS MATTER comes before the Court upon Plaintiff Cisco Technology's ("Cisco" or "Plaintiff") *Ex Parte* Application for (1) a Temporary Restraining Order freezing certain accounts and assets owned or controlled by CERTIFICATION TRENDZ LTD. d/b/a TestKing.com; FREETECH SERVICES LTD. d/b/a Pass4sure.com; and GLOBAL SIMULATORS LTD. d/b/a/ "TestInside" and Test-Inside.com (collectively "Defendants") within the United States or otherwise in United States commerce, and (2) an Order requiring Defendants to appear and show cause why those accounts and assets should not remain frozen pending an evidentiary hearing or further action by the Court to determine whether the asset freeze shall remain in effect pending the disposition of this action.

Temporary restraining orders are authorized by Federal Rule of Civil Procedure 65(b) and are governed by the same standard applicable to a preliminary injunction. A plaintiff is entitled to a preliminary injunction when that

party can demonstrate: "(1) irreparable harm in the absence of the injunction, and (2) either (a) likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them fair ground for litigation and a balance of hardships tipping decidedly in the movant's favor."  *Random House, Inc. v. Rosetta Books LLC*, 283 F.3d 490, 491 (2d Cir. 2002).

The Second Circuit has noted that "generally when a copyright plaintiff makes out a prima facie showing of infringement, irreparable harm may be presumed."  *Merkos L'Inyonei Chinuch, Inc. v. Otsar Sifrei Lubavitch, Inc.*, 312 F.3d 94, 96 (2d Cir. 2002) (reviewing a district court's grant of preliminary injunction) (citations omitted).  "To prevail on a claim of copyright infringement, the plaintiff must demonstrate both (1) ownership of a valid copyright and (2) infringement of the copyright by the defendant." *Yurman Design, Inc. v. PAJ, Inc.*, 262 F.3d 101, 108–109 (2d Cir. 2001).  Similarly, "[i]n trademark disputes, 'a showing of likelihood of confusion establishes both a likelihood of success on the merits and irreparable harm.'" *Malletier v. Burlington Coat Factory Warehouse Corp.*, 426 F.3d 532, 537 (2d Cir. 2005).

Additionally, the Copyright Act provides a court authority to "grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of copyright." 17 U.S.C. § 502.  The Lanham Act in turn provides wider authority with regard to the seizure of assets:

> The Lanham Act authorizes the seizure of counterfeit products, but does not specifically authorize the restraint of assets of a defendant in an action arising under the Act.  However, because the Lanham Act does give courts the authority to order equitable relief in the form of an accounting of the seller's profits, this Court has the

**authority to order injunctive relief freezing assets in order to ensure availability of final equitable relief.**

*Motorola, Inc. v. Abeckaser,* 2009 WL 1362833 at *3 (E.D.N.Y, May 14, 2009) (citations omitted).

On the basis of the sum and substance of the sworn allegations of the Defendants' piracy operations, their refusal to cease and desist, their false claims of compliance in response to repeated demands by Cisco, and their employment of "WHOIS Privacy Protection Services, Inc." to frustrate attempts at detection and avoid compliance with trademark and copyright laws, the Court finds that there is a likelihood that the Defendants will frustrate final equitable relief by secreting or transferring the funds and assets that are the subject of this Application for a Temporary Restraining Order beyond the jurisdiction of this Court unless restrained by this Court pending a hearing on this matter.

Based on its review of the materials submitted, and on the foregoing analysis, the Court GRANTS Cisco's *Ex Parte* Motion [Dkt. # 7] as follows:

(1) The Court GRANTS Cisco's *Ex Parte* Application for a Temporary Restraining Order freezing Defendants' financial accounts—including but not necessarily limited to any PayPoint, PayPal, Moneybookers/Skrill, Ogone/Ingenico Payment Services, and/or HSBC accounts located in the United States or in or affecting United States commerce, as well as any and all linked, related or associated accounts (individually "Account" and collectively "Accounts")—upon finding that Plaintiff Cisco has carried its burden of showing

**that the injunction is necessary to prevent irreparable harm, and has further demonstrated likelihood of success on the merits, or, at the very least, sufficiently serious questions going to the merits of the claim, and that the balance of the hardships tips decidedly in its favor.**

**(2) The Temporary Restraining Order is granted pursuant to Federal Rule of Civil Procedure 65; the Court's general equitable power; 15 U.S.C. § 1116(a); 15 U.S.C. § 1117(a); 17 U.S.C. § 502; and 17 U.S.C. § 504(b).**

**(3) The Court hereby RESTRAINS AND ENJOINS Defendants, and any persons or entities acting on their behalf, including but not limited to the financial institutions or third parties identified below, from transferring, disposing of, encumbering or secreting any of the following accounts/assets:**

**(a) Any Account(s) in the name of, linked to, or otherwise associated with any of the Defendants.**

**(b) Any Account(s) in the names of:**

1. **Certification Trendz Ltd.; TestKing.com; TestKing**
2. **Freetech Services, Ltd.; Free Tech Services, Ltd.; Pass4sure.com; Pass4sure**
3. **Global Simulators Ltd.; Test-Inside.com; Test-Inside; TestInside**

**or in the names of, linked to, or otherwise associated with any of the following website/domain names:**

4. **TestKing.com**

5. Pass4sure.com

6. Test-Inside.com

or in the names of, linked to, or otherwise associated with any of the following email addresses:

7. support@testking.com

8. careers@testking.com

9. manager@testking.com

10. webmaster@testking.com

11. sales@testking.com

12. billing@testking.com

13. bounce@testking.com

14. any other emails ending in @testking.com

15. certificationtrendz@merchant.metacharge.com

16. manager@realtests.com

17. sshafiq.ahmadd@gmail.com

18. support@pass4sure.com

19. manager@pass4sure.com

20. billing@pass4sure.com

21. sales@pass4sure.com

22. Helen@pass4sure.com

23. info@pass4sure.com

24. complaint@pass4sure.com

25. bounce@pass4sure.com

26. any other emails ending in @pass4sure.com

27. sales@test-inside.com

28. billing@test-inside.com

29. support@test-inside.com

30. info@test-inside.com

31. complaint@test-inside.com

32. any other email addresses ending in @test-inside.com

33. insidete@server.passguide.com

34. support@real-exams.com

(c) Any Account(s) with or held by financial institutions located within the United States or which otherwise utilize or affect United States commerce that are owned or controlled by any or all of the Defendants or which receive or distribute funds from or on behalf of TestKing.com, Pass4sure.com, and/or Test-Inside.com.

(d) Any bank account(s) or other types of accounts linked to, associated with, or receiving deposits from any of the account(s) identified in Paragraph 3(a)–(c) of this Order.

(4) Cisco is entitled to request and obtain Defendants' account and identifying information on an expedited basis.  Thus, as soon as practical upon service of this Order, the aforementioned financial institutions are directed to identify to Cisco––by bank name and location, account holder, signatories, and

account number—any account(s) that is/are linked to, associated with, or receiving deposits from any of the PayPal, Moneybookers, and/or other Account(s) identified in Paragraph 3 of this Order.

(5) Cisco is entitled to receive information and documents on an expedited basis. Thus, within three (3) business days upon service of this Order, each financial institution shall provide account information in sufficient detail to identify the (a) account holder, (b) address or contact information, and (c) current balance for each account subject to this Order. The required information shall be delivered to counsel for Cisco.  As soon as practicable after Defendants have appeared in this action, counsel for Cisco is directed to serve Defendants with copies of all account information received pursuant to this Order.

(6) This Temporary Restraining Order shall take effect immediately and shall remain in effect pending the Show Cause Hearing in Paragraph 8 or further order of this Court. Defendants may apply to the Court for dissolution or modification of this Temporary Restraining Order on two court days' notice to Cisco.

(7) Cisco is directed to file proof of bond in the amount of $10,000.00 within three court days of this Order.  The bond shall serve as security for all claims with respect to this Temporary Restraining Order and any additional injunctive relief ordered by the Court in this action.

**(8) Defendants are ordered to appear on July 7, 2015, at 11:00 a.m., and show cause why the account(s) that is/are the subject of this Order should not remain frozen pending an evidentiary hearing or further order of the Court.**

**(9) Defendants shall serve and file any papers in opposition to the continued freeze not less than three court days before the Show Cause Hearing.**

**Signed this 26th day of June, 2015 at 1:05 PM.**

_____/s/_____
**Hon. Vanessa L. Bryant
United States District Judge**